## CIRCUIT COURT OF HENRICO COUNTY

Darlene Hardy

v.

Miles Hardy

September 9, 1988

Case No. 86C866

By JUDGE JAMES E. KULP

This matter is before the Court on the sole issue whether the property at 3114 Glenora Road is marital property subject to equitable distribution. For the reasons which follow, the Court finds this property to be the separate property of Mr. Hardy and therefore not subject to equitable distribution.

The uncontradicted evidence is that the parties, while unmarried, were living together in an apartment. In November, 1977, the defendant, Mr. Hardy, purchased the subject property. The property was deeded to Mr. Hardy. (*See* Plaintiff's Exhibit 1). The parties moved from the apartment to the house at 3114 Glenora Road sometime in 1978. On July 12, 1980, the parties were married.

Both before and after the marriage, the parties maintained separate checking accounts. While the parties lived in the apartment prior to the marriage, the plaintiff would write a check to the defendant each month. This money was used to purchase food and necessities, as well as to help pay for utilities. This same arrangement continued after the parties moved to 3114 Glenora Road before their marriage and continued after their marriage. The Court finds that the payments made by plaintiff were to help defray everyday living expenses but were not utilized to pay any part of the mortgage on 3114 Glenora Road.

Section 20-107.3(A)(1) of the Code of Virginia defines separate property as "all property, real and personal, acquired by either party before the marriage." Clearly, 3114 Glenora Road was acquired by Mr. Hardy before the marriage of the parties in 1980. The Court finds *Smoot v. Smoot*, 233 Va. 435 (1987), to be distinguishable from the case at hand. In *Smoot* the Supreme Court held that when a spouse fails to segregate and, instead, commingles separate property with marital property, the commingled property must be classified as marital property. The facts in *Smoot* showed that the parties had title to a tract of land as joint tenants. The parties obtained a construction loan secured by a deed of trust on the property, and one of the parties contributed $20,000 in cash to build a new home. On these facts, the court held that the party's cash contribution had been commingled and became marital property. No such facts exist in this case. The arrangement for the plaintiff to share the basic living expenses of the parties was in existence prior to defendant's purchase of the subject property and continued unchanged after the marriage.

Nor does the Court find *Westbrook v. Westbrook*, 5 Va. App. 446 (1988), controlling. There is no written agreement present in this case which indicated the defendant's intent to give the house to the plaintiff, nor was plaintiff in this case obligated on the mortgage for 3114 Glenora Road as was the circumstance in *Westbrook*.

For these reasons, the Court finds that 3114 Glenora Road is the separate property of Mr. Hardy and not subject to equitable distribution.